UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:02CR302 (JCH) |
| | : | |
| v. | : | |
| | : | November 8, 2005 |
| JUDSON BROWN | : | |

**SENTENCING MEMORANDUM**

The Government respectfully submits this memorandum in aid of proceedings to be held on remand from the United States Court of Appeals for the Second Circuit.

**I. Procedural History**

On May 1, 2003, the defendant was convicted by a jury of importing more than 500 grams of a mixture containing a detectable amount of cocaine into the United States, in violation of Title 21, United States Code, Sections 952(a) and 960(b)(2)(B), and Title 18, United States Code, Section 2, and attempting to possess more than 500 grams of cocaine with the intent to distribute it, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).  On August 20, 2003, this Court sentenced the defendant principally to 360 months, followed by eight years of supervised release. The Court also ordered that the Federal sentence be served consecutively to his previously imposed State of Connecticut sentence.

The judgment was filed on August 25, 2003 and a notice of appeal was filed that same day. On October 18, 2005, the United States Court of Appeals for the Second Circuit affirmed the conviction and remanded the case for resentencing in conformity with United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Fagans, 406 F.3d 138, 140-41 (2d Cir. 2005). United States v. Brown,  12005 WL 2660419 (2d Cir. Oct. 18, 2005).  That resentencing is scheduled for

November 22, 2005.

## II. Remands in Light of *Booker* and *Fagans*

In United States v. Booker, the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." Booker, 125 S. Ct. at 757. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." Id. at 765-66.

The Court of Appeals for the Second Circuit has summarized the impact of Booker as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (I) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence. Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

Crosby, 397 F.3d at 113 (emphasis added). When imposing sentence, a district court must be mindful that "Booker/Fanfan and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." Id. Both the

Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." Id. at 114. In United States v. Fagans, 406 F.3d at 140-41, the Court of Appeals determined that, where the defendant had preserved his challenge the manner in which his sentencing had taken place under the Sentencing Guidelines, a resentencing was warranted.

Brown was sentenced on August 20, 2003, prior to the Supreme Court's decision in United States v. Booker, and this Court followed the Guidelines as a mandatory sentencing regime as was then required by law. Since the defendant objected to the imposition of an obstruction of justice enhancement, including the burden of proof, even though that enhancement was academic given his career offender status, the Court of Appeals remanded for resentencing.

### III. The Sentence Imposed By the Court Was Reasonable and Should be Reimposed

The Government respectfully submits that the sentence imposed on the defendant is reasonable and should be sentence of the Court upon remand.

In this regard, as both a legal matter and an accurate characterization of Brown's criminal record, Brown was appropriately sentenced as a career offender pursuant to U.S.S.G. § 4B1.1. Brown's criminal record extends back to 1970 and includes (1) an April 1982 conviction for Larceny in the First Degree (PSR ¶ 46); September 1982 convictions for Arson in the Second Degree, Conspiracy to Commit Larceny, and Larceny in the First Degree (PSR ¶ 45); Failure to Appear in the First Degree (PSR ¶ 47); Possession of Narcotics (PSR ¶ 49); and Arson in the First Degree and Conspiracy to Commit Arson in the First Degree (PSR ¶ 50). As noted by the probation officer,

"[w]hen one reviews the lengthy criminal record of Mr. Brown, one can clearly see a disturbing pattern of fraud and arson which comprises most of his past and present arrests and convictions." PSR ¶ 101.  The Government respectfully submits that there is no basis to depart from the 360 months to lifetime incarceration guideline range and, given defendant's remarkable criminal record, the thirty year sentence imposed by the Court is reasonable.

Further, that sentence should be imposed consecutively to the 25 year State arson sentence.[1] 18 U.S.C. § 3584 provides that a court may run the federal sentence either concurrently or consecutively with a separately imposed undischarged term of imprisonment although, absent an order from the Court to the contrary, the terms will run consecutively, 18 U.S.C. § 3584(b). U.S.S.G. § 5G1.3(a) states that "[i]f the instant offense was committed while the defendant was serving a term of imprisonment. . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment."  Consistent with the language of that subsection, the application note associated with § 5G1.3(a) provides that "the court shall impose a consecutive sentence when the instant offense was committed . . . after sentencing for, but before commencing service of, such term of imprisonment." U.S.S.G. § 5G1.3, cmt. n.1 (emphasis added).

The Government acknowledges that, with the Booker decision, since the Sentencing Guidelines are no longer mandatory, the Court is not obligated under the Guidelines to impose a

---

[1] Brown's 25 year sentence on his 1996 arson conviction was affirmed by the Connecticut Supreme Court.  State v. Brown, 256 Conn. 291, 772 A.2d 1107, cert. denied, 534 U.S. 1068 (2001).  His motion for post-conviction relief was denied in Connecticut Superior Court, State v. Brown, 2002 WL 31995388 (Conn.Super. Dec. 18, 2002), and his writ of habeas corpus was also denied in Connecticut Superior Court.  Brown v. Warden, 2003 WL 22080295 (Conn.Super. Aug. 19, 2003).

4

consecutive sentence. However, it is respectfully submitted that such a sentence is warranted in this case. In this regard, the nature and circumstances of the instant offenses (i.e., an effort to import over one-half a kilogram to the United States from Colombia while the defendant was on an appeal's bond arising out of an arson conviction and his possessing a firearm in his house when arrested on the instant case), and the history and characteristics of the defendant (multiple felony convictions including for serious arson offenses and a complete disdain for the law), as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, suggest that a consecutive sentence is warranted in this case.

        Respectfully submitted,

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY


        ANTHONY E. KAPLAN
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT_08083
        157 Church Street, 23rd Floor
        New Haven, CT  06510
        Tel.: (203) 821-3700
        anthony.kaplan@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the within and foregoing was mailed to this 8th day of November, 2005, to the following:

Jeffrey C. Kestenband, Esq.
Moriarty, Paetzold & Babcock
140 Hebron Avenue, Suite 102
Glastonbury, Connecticut   06033

Joseph Zampano
United States Probation Officer
United States Probation Office
Room 211
915 Lafayette Blvd.
Bridgeport, Ct.  06604

_____
ANTHONY E. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
