UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | DOCKET NO.: 3:02 CR 302 (JCH) |
| | : | |
| V. | : | |
| | : | |
| JUDSON BROWN | : | NOVEMBER 18, 2005 |

### DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Judson Brown, respectfully files this memorandum in anticipation of his resentencing on November 22, 2005.

### I.   BACKGROUND

On May 1, 2003, Mr. Brown was convicted by a jury of one count importation of a controlled substance in violation of 21 U.S.C. § 952(a) and one count of attempted possession of a controlled substance with the intent to distribute in violation of 21 U.S.C. § 846.  On August 20, 2003, this Court sentenced him to 360 months imprisonment followed by eight years of supervised release.  With an offense level of 37 and Criminal History Category VI, the sentence was at the lowest end of his Guideline range.

The primary issue at sentencing was whether the sentence should be concurrent or consecutive to a twenty-five year sentence that Mr. Brown was serving for an arson conviction in state court.  The Court ultimately decided to impose a consecutive sentence pursuant to U.S.S.G. § 5G1.3(a).  In August, 2003, of course, the Sentencing

Guidelines were still mandatory, and having found that Section 5G1.3(a) applied, the Court was required to apply it.

The Second Circuit affirmed the conviction, but remanded for resentencing in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005) and <u>United States v. Fagans</u>, 406 F.3d 138 (2d Cir. 2005).  <u>United States v. Brown</u>, 2005 WL 2660419 (2d Cir.).  Given the Court's discretion to impose a non-Guidelines sentence, Mr. Brown respectfully requests, first, a sentence below his Guideline range of 360 months to life, and second, a sentence concurrent to his state sentence.

## II.  DISCUSSION

### A.  The PSR may have over-represented Brown's criminal history score

Before addressing whether the Court should exercise its discretion to impose a non-Guidelines sentence and concurrent sentence, it is necessary to note that Mr. Brown's criminal history score may not have been correct.  The PSR concludes that his score is 13, placing him in Category VI.  (PSR ¶ 52).  This computation may have over-represented his actual score because Mr. Brown may have been released from custody more than fifteen years before he engaged in the conduct that resulted in his conviction in this case.  <u>See</u> U.S.S.G. § 4.A1.2(e)(1).  A three point reduction results in a criminal history score of ten, placing him at the low end of Category V.

Three points were added to Mr. Brown's criminal history score based on a January 25, 1985 arrest for possession of narcotics.  According to the PSR, he was sentenced to eighteen months on June 4, 1985, yet the PSR states that he was paroled

on June 24, 1989.  (PSR ¶ 49).  He certainly could not have served more than four years of an eighteen months sentence.  It appears that he served the eighteen months sentence concurrently or consecutively with other longer sentences that are summarized in paragraphs 45-46 of the PSR.  Mr. Brown was paroled from the longer sentences in June, 1989, and the PSR states incorrectly that he was also paroled from the eighteen months sentence at the same time.  (PSR ¶ 49).  It is mathematically impossible to serve four years of an eighteen months sentence.

The PSR is silent as to when Mr. Brown actually "discharged" from the eighteen months sentence.  He would have either served the entire sentence or been paroled from that sentence into the longer sentences listed in paragraphs 45 and 46 of the PSR.  See United States v. Gilcrist, 106 F.3d 297, 299 (9th Cir. 1997) (noting that parole from one sentence into another ends the period of incarceration of the paroled sentence).  If he had discharged on parole from the eighteen months sentence before mid-December, 1985, that conviction could not count in his criminal history score because it would have preceded the beginning of the conduct in this case by more than fifteen years.  See U.S.S.G. § 4A1.2(e)(1).  Without additional information, it is impossible to tell whether Mr. Brown discharged from the eighteen months sentence before mid-December, 1985.  Absent information that he served that sentence past mid-December, 1985, he should be given the benefit of the doubt because it was possible for him to discharge before mid-December, 1985.  See United States v. Dixon, 360 F.3d 845, 847 (8th Cir. 2004) (holding that vacated convictions cannot be included in defendant's criminal history

calculation). Subtracting three points from his criminal history score, he would only have ten points and would be at the low end of Category V instead of Category VI. The applicable Guideline range would then be 324-405 months.[1] Accordingly, he should be placed in Category V for sentencing purposes.

**B.    The Court should impose a concurrent sentence because U.S.S.G. § 5G1.3(a) does not apply**

Mr. Brown reiterates his argument that U.S.S.G. § 5G1.3(a) does not apply for the reasons stated by trial counsel, Michael L. Moscowitz, at his first sentencing hearing. The Court should therefore impose a concurrent sentence. The Court rejected this argument at the first sentencing hearing.

**C.    Even if U.S.S.G. § 5G1.3 does apply, the Court should still impose a non-Guidelines sentence and concurrent sentence**

Even if Section 5G1.3 does apply, a concurrent sentence is most appropriate under the circumstances of this case. 18 U.S.C. § 3584 provides that the district court can impose a concurrent sentence to a separately imposed undischarged sentence.[2]

---

[1] The appeal from the denial of Mr. Brown's habeas petition in state court is currently pending. If the state conviction is vacated, Mr. Brown reserves the right to request an additional three point reduction in criminal history score because the conviction is state court added three points to his score. See United States v. Sharpley, 399 F.3d 123, 126 (2d Cir. 2005); United States v. Cox, 83 F.3d 336 (10th Cir. 1996) (noting that expunged conviction cannot be included in a criminal history calculation under U.S.S.G. § 4A1.2(j)).

[2] Subsection (a) of 18 U.S.C. § 3584 provides: " . . . if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." Subsection (b) provides: "the court, in determining whether the terms imposed are to be ordered to run

4

The discretion afforded the Court by 18 U.S.C. § 3584 seems to conflict with U.S.S.G. § 5G1.3(a), which apparently requires district courts to impose a consecutive sentence "[i]f the instant offense was committed . . . after sentencing for, but before commencing service of, [the undischarged] term of imprisonment . . .." Regardless of how this conflict would have been resolved before Booker, the Guidelines are no longer mandatory and the Court has the discretion to impose a sentence below Mr. Brown's Guideline range that is also concurrent to his state sentence. Even the Government concedes this latter point. (Government's Sentencing Memorandum at 4-5, 11/8/05). In deciding whether to impose a non-Guidelines sentence, it is important to note that "every convicted person [is] an individual and every case [is] a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." United States v. Koon, 518 U.S. 81, 113 (1996).

     A non-Guidelines concurrent sentence is warranted. According to the Connecticut Department of Corrections website, Mr. Brown's maximum discharge date is March 29, 2026. He will be 75 years old. Even if he is "released" after serving 85% of his sentence, see Conn. Gen. Stat. § 54-125a(b)(2), he will still be well over 70 years old, and must then *begin* to serve his 360 months federal sentence. *He will have absolutely no chance of ever being released*. With a concurrent sentence of twenty-five years, however, he will still serve a substantial period of incarceration. His earliest

---

concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."

chance for release would be in his mid to late 70's – a significant period of incarceration that would also ensure that he is well past the age when a person presents a threat to society. See 18 U.S.C. § 3553(a)(2)(C). Such a sentence would accomplish the goals of 18 U.S.C. § 3553 while simultaneously giving Mr. Brown hope of being released during his golden years.

The Court should also consider information that was not available when Mr. Brown was sentenced more than two years ago. He has used his time in prison productively by completing an electro mechanical program. The letter that he received recognizing his achievement stated "[t]he hard work you have done and the skills that you have gained will help you become more successful in the future." (See attached letter). This demonstrates his rehabilitative efforts. 18 U.S.C. § 3553(a)(2)(D). Rehabilitation will serve little purpose, however, if Mr. Brown is not permitted to apply his newfound skills beyond the prison walls.

### III.   CONCLUSION

The defendant, Judson Brown, asks this Court to impose a non-Guidelines sentence that is also concurrent to his state sentence. He is in his mid-50's and will present little threat of violating the law if he is released during his old-age. Accordingly, the Court should impose a non-Guidelines concurrent sentence within Category V or below.

**DEFENDANT
JUDSON BROWN**

By_____
Jeffrey C. Kestenband
Fed. Bar No.: ct 19003
Moriarty & Paetzold, LLC
2230 Main Street
Glastonbury, CT 06033
Tel. No.: (860) 657-1010
Fax No.: (860) 657-1011
jkestenband@m-plaw.net

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via facsimile, on this 18th day of November, 2005 to:

Anthony E. Kaplan, Esq.
United States Attorney's Office
157 Church Street
P.O. Box 1824
New Haven, CT 06508

_____
Jeffrey C. Kestenband