**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL CASE NO. |
| | : | 3:02-CR-00302 (JCH) |
| v. | : | |
| | : | |
| JUDSON BROWN, | : | |
| Defendant. | : | SEPTEMBER 23, 2026 |

**RULING ON MOTION FOR COMPASSIONATE RELEADE (DOC. NO. 95)**

Serving a 30-year federal sentence, Judson Brown has moved to reduce his sentence pursuant to title 18 of the United States Code, section 3582(c)(1)(A)(i).

Defense counsel and the government have accurately recounted the extremely serious conduct that led to Mr. Brown's conviction, as well as his extensive criminal history over a period of nearly 30 years. Mr. Brown was convicted in state court on a first-degree arson charge, for which he was sentenced to 25 years imprisonment. He was released on bond pending appeal. While on bond, he traveled to Columbia. There he arranged to import cocaine into the United States through the mail. His state conviction was affirmed on appeal.

Mr. Brown was convicted on the federal charges concerning his importation of drugs. He was eventually sentenced in federal court to a term of imprisonment of 360 months, to be served 240 months concurrent to his state sentence and 120 months consecutive. Having served his state sentence, Mr. Brown is now in the custody of the

Bureau of Prisons serving the 120 months consecutive portion of his federal sentence. His release date is estimated to be June 6, 2030.[1]

**DISCUSSION**

A. Exhaustion of Remedies

Mr. Brown asserts, and the government agrees, that he has exhausted his administrative remedies as required by statute.

B. Compassionate Release

The First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A)(i), grants sentencing courts authority to reduce a final term of imprisonment for "extraordinary and compelling reasons." The court is empowered to decide what constitutes extraordinary and compelling reasons. United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The court may find a combination of factors warrants a sentence reduction. See United States v. Hall, No. 3:19-CR-74 (JCH), 2024 WL 3718341, at *4 (D. Conn. Aug. 8, 2024). However, rehabilitation alone is not sufficient.

Section 1B1.13(b)(2) of the Guidelines provides that extraordinary and compelling circumstances exist if the movant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

[1] Based on all the § 3553(a) sentencing factors, particularly the circumstances of his criminal conduct and his criminal history, the court sentenced him "to be imprisoned for a term of 360 months on Count 1 of the Indictment and 360 months on Count 2 of the Indictment to run concurrent to each other; 240 months of the 360 months will run concurrent to the state sentence; 120 months of the 360 months will run consecutive to the state sentence the defendant is presently serving". See Judgment Doc. No. 86.

C. Extraordinary Circumstances

In his Motion, Mr. Brown recounts significant and numerous serious health conditions. See Motion for Sentence Reduction at 8-10. These conditions include a renal mass that is likely cancerous; glaucoma and cataracts; Type 2 diabetes; and hyperlipidemia.

While the government notes that the Bureau of Prisons ("BOP") appears to be providing care for Mr. Brown's various medical conditions, the government correctly acknowledges that the second criteria under U.S.S.G. § 1B1.13(b)(2) (experiencing a serious medical deterioration in health) is not focused on the care the BOP is rendering. See Govt's Memo at 12 (Doc. No. 101). Rather, the existence of the serious medical condition is the issue. United States v. Castillo, No. 03-CR-979 (KMW), 2026 WL 444695, at *3 (S.D.N.Y. Feb. 17, 2026). It appears undisputed that Mr. Brown's health conditions are serious, and "seriously deteriorating." See. Defendant's Motion, Exh. C.

Further, it is undisputed that Mr. Brown is over 65 years (now 75 years) and has served more than 10 years or 75% of his sentence: he has served 23 years on his current sentence, 20 in state custody on his concurrent portion of his federal sentence, and 3 years on the consecutive portion of the federal sentence in federal custody.

The court concludes that Mr. Brown has clearly met the 3 criteria for extraordinary circumstances under 18 U.S.C § 3582(c)(1)(A)(i) and U.S.S.G.1B1.13(b)(2).

D. Relevant 18 U.S.C § 3582(c)(1)(A)(i) Factors

Even if extraordinary circumstances as here have been established, the court must still consider the factors found in section 3582 U.S.S.G. § 1B1.13(a). In doing so, the court should consider current information about Mr. Brown.

Clearly, Mr. Brown's offenses, and his status when he committed them, were very serious. Further, his criminal history is extensive, long, and serious. However, he has had an excellent BOP record with no disciplinary action in his 3 years in BOP custody and an excellent disciplinary record in the final 16 years of his 20 years in state custody. He also has engaged in programming.

Mr. Brown has a clear reentry plan. Further, at 75 and in poor health, it is extremely unlikely he is a danger to society, particularly in light of his various medical conditions. It is this court's conclusion that, on balance, the section 3582 factors do not counsel against a grant of Mr. Brown's Motion. Indeed, they indicate a sentence reduction is warranted.

**CONCLUSION**

In light of the foregoing, the court grants Mr. Brown a sentence reduction to time served on Count 1 and Count 2 and 2 years of supervised release on the same conditions imposed in the Amended Judgment (Doc. No. 86). The court orders the Bureau of Prisons to release him within 14 days. See Order on Motion for Sentence Reduction.

**SO ORDERED.**

Dated at New Haven, Connecticut this 23rd day of September 2026.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge